CarutiteRS, J.,
delivered the opinion of the court.
*375 The only question in this case, is, as to the liability of Daniel Montgomery, as co-trustee with James Howard, for the trust fund wasted by the latter. The facts are these: Benjamin Rawlins, on the 21st July, 1825, conveyed a tract of land, and other property, to the said Montgomery & Howard, in trust, for the benefit of his daughter, the wife of Jno. A. Lewis, during her life, and then to be sold, and the proceeds divided equally between her children, as they respectively arrived at lawful age. At the termination of the life-estate, the property was all sold by the trustees, and the notes taken, payable to them jointly as trustees. The sale was made in, the year 1829. Both accepted the trust; joined in the advertisement of the sale; were present when it was made; and as the children successively came of age, jointly settled with them, taking the receipts to both, and the commissions charged for the trouble, were divided between them. The receipts, as well as all the other papers and accounts, relating to the trust, except the notes for the land, were kept by Montgomery. All the children, but one, have been paid, and the share of that one, except a small amount due from Montgomery, was in the hands of Howard, who is now insolvent.
Howard changed his residence from the county of' Sumner to the adjoining county of Davidson, a few years ago. He was then considered entirely solvent. It does not appear, that the trust fund was ever loaned out by Howard, but it was by him retained and used as his own. Montgomery never had any of the fund in his hands, but about fifty dollars, the amount of purchases made by him, at the trust sale; due proportions of which he lias paid out in the successive settlements made with the beneficiaries, as they arrived at age. Nor is it pre *376 tended, that he ever made any efforts to control or look after it, in the hands of Howard. Montgomery did not probably know at the time the deed of trust was made, that he was a trustee, but, on being informed of it afterwards, and just before she died, by Mrs. Lewis, he agreed to accept the trust, and acted in it, as before stated.
Hnder this state of facts, should he be made liable for money received by his co-trustee? "We hold it clear, by well settled principles, that he should. We are aware of no case, where the courts have exonerated a joint trustee, under such a state of facts. To do so, would frustrate the principal, if not the only reason, a man could have for making two trustees instead of one. His aim is, to secure the united ability, watchfulness, responsibility and attention of two trusty men in the business committed to them. If one can, after accepting the trust and identifying himself with it, by sales and settlements, and the recejdion of fees, be permitted to escape all responsibility, just because he permits his associate in the trust, to keep, and use, and appropriate the means; then, in place of having any advantage from the appointment of two, by way of additional security, the danger and hazard to the fund are increased; at least, no additional security is afforded.
It is true this is what is called a dÁsoretíona/ry trust, as contradistinguished from. a directory trust, as by the terms of the trust deed, no particular mode of investment is provided for, but the fund is only to be paid out at a particular time designated in the deed.
It is admitted, that in directory trusts, the rules of accountability of joint trustees for the acts of each other, are more stringent. But it seems very clear to *377 us, that' tbe rules applicable to tbe case of discretionary trusts, when applied to tbe facts of tbis case, fix tbe liability of Montgomery.
In sucb a case, tbe general rule is, that in order to charge a trustee for an abuse of bis co-trustee, “some act of commission must be shewn, on bis part, by which tbe trust-fund was obtained by bis co-trustee'; or some act of omission, amounting to gross neglect, in permitting tbe funds to be wasted.” Morell vs. Morell, 5 Johns. Ch. R., 281. Chancellor Kent, there lays it down, that tbe co-trustee is liable, where the money was paid to bis companion, by bis act, direction, or agreement.
In tbis case, Montgomery certainly agreed, that bis companion, Howard, should receive tbe money. If not, .why did he leave tbe joint notes with him?
It was certainly an omission Of duty on the part of Montgomery, amounting to “gross neglect,” to permit Howard to keep and use this fund as bis own, for so many years, without ever enquiring after it; or, making any attempt - to have it loaned out at interest; safely invested, or otherwise secured.
In tbe case of Deadrick vs. Cantrell, 10 Yerg., 269, 212, tbis court decided, that, “where executors and trustees are directed to sell tbe land, and pay tbe proceeds to legatees, at a future time, if they join in tbe sale, and agree that tbe notes shall be made payable to both, and they are so taken, and tbe fund is afterwards wasted by one, the other is responsible.”
“A waste in sucb a case, cotdd not be committed by one, without an act of omission, or commission by tbe other.” Tbis doctrine is fully sustained in Story’s Eq., §§ 1280, 1289.
The decree of tbe Chancellor, must, therefore, be *378 reversed, so far as it exonerates tbe defendant, Montgomery, from liability for tbe amount of tbe trust-fund wasted by Howard, and yet due to complainants; and a decree will be entered against them jointly, for tbe same.